## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DESIREE MARIELLE FOY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.:  2:25-cv-00329-RDP |
| | } | |
| STATE OF ALABAMA, et al., | } | |
| | } | |
| Defendants. | } | |

### MEMORANDUM OPNION AND ORDER

This matter is before the court on Defendants' Motion to Dismiss. (Doc. # 28). The Motion has been fully briefed (Docs. # 32, 36), and is ripe for decision. For the reasons discussed below, Defendants' Motion is due to be granted in part and denied in part.

## I.    Background

Plaintiff filed her initial Complaint in this case on March 3, 2025. (Doc. # 1). On March 6, 2025, due to deficiencies in her initial Complaint, Judge England ordered her to file an amended complaint to remedy the identified pleading deficiencies. (Doc. # 4). Plaintiff filed an Amended Complaint on March 19, 2025, but it did not remedy the deficiencies identified in the March 6, 2025 Order. (Docs. # 5, 6). On April 3, 2025, Plaintiff filed a Second Amended Complaint. (Doc. # 7).

On October 6, 2025, this court dismissed Plaintiff's claims of race, color, and gender/sex discrimination, and directed her to file the EEOC charge related to her ADA claim. (Doc. # 11).

On October 8, 2025, Plaintiff responded to this court's October 6, 2025 Order by filing copies of three charges of discrimination she filed with the Equal Employment Opportunity Commission. (Doc. # 12). The first EEOC charge of discrimination in her filing was a charge dated

October 6, 2025, the same day the court dismissed her claims of race, color, and gender/sex discrimination. (*Id*. at 3). The October 6, 2025 charge lists the "date(s) discrimination took place" as earliest and latest occurring on November 22, 2024. (*Id*. at 2). The October 6, 2025 charge lists the type of discrimination asserted as "color, race, retaliation." (*Id*.). It references two earlier EEOC charges Plaintiff filed on July 8 and July 25, 2024. (*Id*. at 2, 5-10). The two charges from July 2024 assert that Plaintiff was discriminated against because of her disability. (*Id*.). They identify the alleged discrimination as occurring on July 2, 2024 (*id*. at 5) and July 17, 2024 (*id*. at 8), respectively. Plaintiff's initial complaint alleged that she received Notices of Right to Sue on those charges on January 22, 2025 and February 13, 2025, respectively. (Doc. # 1 at 6, 8, 10, 12). Plaintiff's initial Complaint was filed on March 3, 3035, which is within ninety (90) days of her receipt of the Notices of Right to Sue. (Doc. # 1).

On November 20, 2025, Plaintiff sought leave of court to file a further amended complaint, which the court granted on November 21, 2025. (Docs. # 21, 22).

On November 21, 2025, Plaintiff filed her Third Amended Complaint against the State of Alabama, Jefferson County Department of Human Resources, Commissioner Nancy Buckner, and Interim Director Deanna Stinson. (Doc. # 23 at 2). That amended complaint alleges that Plaintiff filed a charge of discrimination with the EEOC "regarding the defendant's alleged discriminatory conduct" on June 11, 2024, and that she received a Notice of Right to Sue letter on January 22, 2025. (Doc. # 23 at 6). The text of the Third Amended Complaint drafted by Plaintiff specifying the parties to the case states that the Defendant (singular) is the Jefferson County Department of Human Resources.[1] (*Id*. at 8, ¶ 2). There are no allegations related to the State of Alabama.

---

[1] The court nevertheless understands Plaintiff seeks to assert claims against Buckner and Stinson. As explained below, Plaintiff cannot go forward on her claims against those two individuals,

On December 23, 2025, Defendants moved to dismiss. (Doc. # 28).

## II.     The Allegations of Plaintiff's Third Amended Complaint

Plaintiff's Third Amended Complaint uses the court's *pro se* Complaint for Employment Discrimination form (Doc. # 23 at 1-7) and attaches additional pages (*id*. at 8-10). Section II of the Complaint form is titled "Basis for Jurisdiction" which required a plaintiff to check the box for all of the statutes prohibiting the discrimination on which her claims are based. (*Id*. at 3-4). Plaintiff checked the boxes for Title VII of the Civil Rights Act of 1964" which prohibits discrimination on the basis of "race color, gender, religion, national origin." (*Id*. at 3). She also checked the boxes for the Americans with Disabilities Act of 1990 and "other federal law." (*Id*. at 4). Under that section, she listed Section 504 of the Rehabilitation Act and "Alabama-2024-HJF85." (*Id*.). And, at the end of her Third Amended Complaint, Plaintiff hand wrote: "Defendants show a pattern of adverse employment action for black staff members protected by the ADA. (*Id*. at 10).

Plaintiff's Third Amended Complaint contains following factual allegations:

- Plaintiff is a qualified individual with a disability and/or a person with a history of disability under the ADA and the Rehabilitation Act. (Doc. # 23 ¶ 1). She alleges that Jefferson County Department of Human Resources ("JCDHR") is a state agency that receives federal funds. (*Id*. ¶ 2).

- Plaintiff was hired by JCDHR as a Senior Social Worker I in December 2023. (*Id*. ¶ 3). Plaintiff was denied equal access to training in that she received only two weeks of training while other employees in Plaintiff's department received six weeks of training. (*Id*. ¶ 8). Plaintiff performed her job successfully for approximately six months and received an evaluation rating her as meeting or exceeding expectations. (*Id*. ¶ 4).

- Plaintiff had a disability, identified in her original Complaint as "post-traumatic arthritis, PTDS, anxiety" of which she says "Defendant" was aware. (Doc. # 1 at 5, Doc. # 23 ¶ 6). On February 20 2024, and again on May 1, 2024, she requested a flexible schedule as a reasonable accommodation for her disability. (Doc. # 23 ¶ 7; Doc. # 12 at 5, 8). In response to one of the requests, Defendant Buckner told Plaintiff she was not protected by the ADA and asserted that Plaintiff could not perform the essential functions of her job. (Doc. # 23 ¶ 12). In July 2024, shortly after she made the second request for the accommodation, Plaintiff's employment with JCDHR was terminated by Defendant Stinson. (*Id*. ¶ 13).

- Plaintiff could perform all of the essential functions of her job and could have continued doing so with the requested accommodation. (*Id*. ¶ 14). Defendant's reasons for terminating her employment, and its failure to hire or transfer her to other vacant positions, were pretextual and motivated by disability discrimination and retaliation for requesting accommodations. (*Id*. ¶ 15).

Under her ADA Title I claim, Plaintiff seeks "prospective equitable relief, including: correction of employment records and other injunctive remedies." (*Id*. ¶ 21). Under her Rehabilitation Act claims, she seeks "back pay: front pay as reinstatement is not feasible; compensatory damages []; expungement of negative records; costs and fees as permitted; [and] an other appropriate relief." (*Id*. at10).

## III.   Legal Standards

### A.   Rule 12(b)(1)

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561

F.2d 606, 608 (5th Cir. 1977)); *Harris v. Bd. of Trs. Univ. of Ala.*, 846 F. Supp. 2d 1223, 1230 (N.D. Ala. 2012). A motion under Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a defense of lack of subject-matter jurisdiction. A Rule 12(b)(1) motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Harris*, 846 F. Supp. 2d at 1232 (quoting *Ramming*, 281 F.3d at 161). The burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction (here, that is Plaintiff). *Id*. "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Se. Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intel. Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978)).

A Rule 12(b)(1) motion can present either a facial or a factual attack. *Willett v. U.S.*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing M*cElmurray v. Consol. Govt. of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (other citations omitted). On the other hand, "factual attacks" challenge "the existence of subject-matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may

consider extrinsic evidence such as affidavits. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

### B.    Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC,* 413 F. App'x 136, 138 (11th Cir. 2011)[2] (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## IV.    Analysis

Plaintiff's Third Amended Complaint asserts four claims: (1) an ADA Title I claim for injunctive relief only, (2) a disability discrimination claim under the Rehabilitation Act § 504, (3) a failure to accommodate claim under the Rehabilitation Act § 504, and (4) a retaliation claim under the Rehabilitation Act § 504. (Doc. # 23 at 9-10). The court evaluates each claim, in turn.

### A.    Plaintiff's ADA Title I Claim for Injunctive Relief

Plaintiff's ADA Title I claim seeks only injunctive relief because she recognizes that "sovereign immunity bars damages." (Doc. 23 at 9). The claim is asserted against JCDHR, Buckner, and Stinson.

---

[2] Here, and elsewhere in this opinion, the court cites to non-binding authority. While the court recognizes that these cases are not precedential, the court finds them persuasive.

###### i.    JCDHR

Title I of the ADA prohibits certain employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This section of the ADA requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." § 12112(b)(5)(A).

In *Board of Trustees of the University of Alabama v. Garrett*, the Supreme Court held that the Eleventh Amendment bars private individuals from filing suit against states in federal court under Title I of the ADA. 531 U.S. 356, 374 (2001). The Court found that Title I of the ADA exceeded Congress's Section 5 authority to proscribe constitutional conduct to remedy and deter Fourteenth Amendment violations for two reasons: "(1) Title I's broad sweep was not sufficiently targeted to remedy or prevent unconstitutional discrimination in public employment; and (2) Congress failed to identify a pattern of irrational state-employment discrimination against the disabled." *Leverette v. Ala. Revenue Dep't*, 453 F. Supp. 2d 1340 (M.D. Ala. 2006) (citing *Garrett*, 531 U.S. at 372-74). Although Congress found a *general* pattern of discrimination aimed at the disabled, "the great majority of these incidents do not deal with the activities of the *States*." *Garrett*, 531 U.S. at 369 (emphasis added). Because the Court found that there was no pattern of unconstitutional employment discrimination by the states, it concluded that Title I of the ADA did not validly abrogate the State's Eleventh Amendment immunity. *Id*.

8

To be clear, however, JCDHR is immune from *both* monetary damages *and* injunctive relief under Title I of the ADA.

The Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908) established a broad exception to the grant of sovereign immunity conferred on the states by the Eleventh Amendment. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). "[The *Ex Parte Young*] doctrine provides an exception to Eleventh Amendment immunity for lawsuits against *state officials* as long as the plaintiffs seek only *prospective* injunctive relief to stop *ongoing violations* of federal law." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009) (emphasis added) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000)). Thus, the *Ex Parte Young* exception does not apply to JCDHR, a state entity and not a state officer. *See Edwards v. Learfield Commc'ns, LLC*, 687 F. Supp. 3d 1297, 1303 (N.D. Fla. 2023) ("*Ex Parte Young*'s narrow exception to immunity 'has no application in suits against the States and their agencies, which are barred regardless of the relief sought.'") (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)) (internal citation omitted).

### ii.    Buckner and Stinson

Even as it relates to individual defendants in their official capacities, the *Ex Parte Young* exception only allows suits against state officers seeking *prospective* equitable relief to end *continuing* legal violations; it does not extend to claims for retrospective relief. *Edelman v. Jordan*, 415 U.S. 651, 664-666 (1974). Count I of Plaintiff's Third Amended Complaint requests "prospective equitable relief, including: correction of employment records." (Doc. # 23 ¶ 21).

The *Ex Parte Young* exception applies only when the alleged violations are ongoing and not when the relief pertains to past violations of federal law. *See Green v. Mansour*, 474 U.S. 64,

68 (1985) ("The Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law . . . . We have refused to extend" *Ex Parte Young* to "claims for retrospective relief."). Although Plaintiff's Third Amended Complaint purports to request prospective injunctive relief, she identifies only past misconduct, not anticipated future harm. (Doc. # 23 at 8). Plaintiff's termination occurred in July 2024, and she has not alleged that she has reapplied for employment, been refused rehire, or that she is the victim of any ongoing discrimination. (*Id*. at 8-9). Because Plaintiff has not alleged any continuing discrimination, her ADA claim against the individual defendants in their official capacities does not fit within the *Ex Parte Young* exception.[3]

For these reasons, Plaintiff's ADA Title I claim is due to be dismissed in its entirety.

### B.      Plaintiff's Rehabilitation Act Claims

Plaintiff's Third Amended Complaint contains three counts under the Rehabilitation Act § 504 alleging disability discrimination, failure to accommodate, and retaliation. (*Id*. at 9-10). These claims are also advanced against Buckner, Stinson, and the JCDHR.

### i.      Buckner and Stinson

Plaintiff's Third Amended Complaint is unclear whether she intended to assert her Rehabilitation Act claims against the individual Defendants. (Doc. # 23 ¶ 23 ("*Defendant* receives federal financial assistance" (emphasis added)). If she did, those claims are due to be dismissed. "[T]he great weight of authority indicates 'there is no individual capacity liability under [the] R[ehabilitation] A[ct].'" *Cotner v. Hamm*, 2026 WL 63949, at *4 (S.D. Ala. Jan. 8, 2026) (quoting *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (unpublished) (in turn citing *Garcia v. SUNY Health Scis. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001) ("[N]either Title

---

[3] Although Plaintiff requests "correction of employment records," nowhere has she alleged that her employment records are incorrect. (Doc. # 23).

II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials.") (collecting cases))).

As to official capacity claims, where a plaintiff has named a state agency in the same case, as Plaintiff does here, any claim against an officer of that agency in his or her official capacity is "duplicative" of the claim against the agency and is "due to be dismissed." *Ginwright v. Dep't of Revenue for Ala.*, 2013 WL 1187943, at *4 (M.D. Ala. Mar. 21, 2013).

Accordingly, to the extent Plaintiff intended to assert claims under the Rehabilitation Act against Buckner and Stinson, those claims are due to be dismissed,

### ii.    JCDHR

"[T]he Eleventh Circuit has squarely held that Alabama state agencies have waived Eleventh Amendment immunity against claims under the Rehabilitation Act." *Linzy v. Ala. Dep't of Pub. Health*, 2020 WL 6205848, at *1 (M.D. Ala. Oct. 22, 2020) (citing *Garrett*, 344 F.3d at 1293). Thus, JCDHR does not argue that it is immune from Plaintiff's claims under the Rehabilitation Act. Instead, it contends that Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted under the Rehabilitation Act § 504.

Plaintiff's Third Amended Complaint uses the court's *pro se* Complaint for Employment Discrimination form (Doc. # 23 at 1-7) and attaches additional pages (*Id*. at 8-10). Section II of the Complaint form is titled "Basis for Jurisdiction" which requires a plaintiff to check the box for all of the statutes prohibiting the discrimination on which her claims are based. (*Id*. at 3-4). Plaintiff checked the boxes for Title VII of the Civil Rights Act of 1964" which prohibits discrimination on the basis of "race color, gender, religion, national origin." (*Id*. at 3). She also checked the boxes for the Americans with Disabilities Act of 1990 and "other federal law." (*Id*. at 4). Under that section, she listed Section 504 of the Rehabilitation Act and "Alabama-2024-HJF85." (*Id*.). And,

11

at the end of her Third Amended Complaint, Plaintiff hand wrote: "Defendants show a pattern of adverse employment action for black staff members protected by the ADA. (*Id*. at 10).

Defendants argue that Plaintiff's Rehabilitation Act claims must be dismissed because she has not alleged she was discriminated against *solely* because of her disability. (Doc. # 28 at 14-15). They assert that "Plaintiff has created a mix-motive theory" by also claiming that Defendants discriminated against her based on her race and retaliated against her. (*Id*. at 15 (citing Doc. # 23 at 10)).

Plaintiff's Opposition to Defendant's Motion to Dismiss does not respond to this argument other than to state that Defendant's Motion "improperly asks this Court to weigh evidence, resolve factual disputes, and assess Plaintiff's credibility." (Doc. # 32 at 4).[4]

"The Rehabilitation Act prohibits any program or activity that receives federal financial assistance . . . from discriminating against any otherwise qualified individual with a disability . . . *solely* by reason of . . . his disability." *Goldberg v. Fla. Int'l Univ*., 838 F. App'x 487, 491 (11th Cir. 2020) (emphasis added and quotation omitted). But, the cases dismissing a plaintiff's claim on this basis generally did so at the summary judgment stage rather than on the pleadings. *Goldberg*, 838 F. App'x at 493; *Harrison v. Sheriff, Holmes Cnty. Fla*., 2024 WL 449374, at *4 (11th Cir. Feb. 6, 2024).

The court notes that the cases cited by Defendants[5] for the proposition that Plaintiff's discrimination and failure to accommodate claims should be dismissed do not stand for the

---

[4] Plaintiff's Opposition also contains a section titled "Additional Count." (Doc. # 32 at 4-7). Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff had twenty-one days from the filing of Defendant's Motion to Dismiss to file an amendment to her Complaint as a matter of right. The Motion was filed on December 23, 2025. (Doc. # 28). Plaintiff's Opposition was filed on February 6, 2026, more than twenty-one days later. Thus, to assert an additional count, Plaintiff needed either leave of court or Defendant's consent. Rule 15(a)(2). Plaintiff has not received leave of court to file the additional count and there is no indication Defendants consented to it.

[5] In their briefing, Defendants did not provide pinpoint cites to the cases they cite. (Doc. # 28 at 14-15).

proposition that the claims should be dismissed at the Rule 12 pleadings stage. (Doc. # 28 at 14-15). The *Meyer* and *Schwarz* cases were decided on motions for summary judgment, rather than at the motion to dismiss stage. *Meyer v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 592 F. App'x 786, 793 (11th Cir. 2014); *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1205 (11th Cir. 2008). The *Wood* case was an appeal of a jury verdict. *Wood v. President & Trs. of Spring Hill Coll. in City of Mobile*, 978 F.2d 1214, 1217 (11th Cir. 1992). And, the court in *Isaac A* recited the proposition that "the burden of establishing causation is higher under the Rehabilitation Act, requiring proof that the individual was discriminated against solely by reason of her disability," but the court denied the defendant's motion to dismiss the Rehabilitation Act claim in that case. *Isaac A. v. Carlson*, 775 F. Supp. 3d 1296, 1343 n.25, 1354 (N.D. Ga. 2025) (citing *Wade v. Fla. Dep't of Juv. Just.*, 745 F. App'x 894, 896 (11th Cir. 2018) (in turn citing *Schwarz*, 544 F.3d at 1212 n.6)).

The *J.A.M.* case is an exception in that it held that a plaintiff cannot state a claim under the Rehabilitation Act unless she *pleads* facts that demonstrate that the adverse action was taken "*solely* by reason of" her disability. *J.A.M. v. Nova Se. Univ., Inc.*, 646 F. App'x 921, 927 (11th Cir. 2016) (emphasis added). But, not only is *J.A.M.* unpublished, it is also out of step with the majority of Eleventh Circuit precedent on this issue, as noted above. *Id*.

The court is persuaded that Plaintiff has plausibly alleged her claims under the Rehabilitation Act. This conclusion aligns with the Eleventh Circuit's approach to permitting affirmative pleading of alternative causes for adverse treatment. In *Savage v. Secure First Credit Union*, the district court dismissed a plaintiff's ADEA claim, Title VII retaliation claim, and ADA claim because the court understood the "but-for" causation requirement in each claim to mean that a party must plead that either age, retaliation, or disability was the sole cause of the employment

action. 107 F. Supp. 3d 1212, 1215-18 (N.D. Ala. 2015), *rev'd and remanded* (May 25, 2016). The district court held that by affirmatively pleading alternative causes for the adverse treatment, the plaintiff failed to state a claim under the ADEA, Title VII, and the ADA. *Id*. at 1215-17. The Eleventh Circuit reversed, highlighting that Federal Rule of Civil Procedure 8(d) explicitly allows "alternative and contradictory theories of liability." 2016 WL 2997171, at *1 (11th Cir. May 25, 2016). This authority suggests that the court should not preclude inconsistent pleadings based on a the "solely" language of the Rehabilitation Act.  Moreover, Plaintiff's claims of race, color, and gender/sex discrimination under Title VII have been dismissed (Doc. # 13) and were not specifically repleaded in her Third Amended Complaint (Doc. # 23).

Defendant also appears to argue that Plaintiff's retaliation claim is due to be dismissed as not being recognized under the Rehabilitation Act. (Doc. # 28 at 16). That argument is inconsistent with Eleventh Circuit precedent. The Eleventh Circuit has held that "[t]he anti-discrimination provision of the Rehabilitation Act incorporates the anti-retaliation provision of the ADA." *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) (citing 29 U.S.C. § 794(a) and (d); 42 U.S.C. § 12203(a)). "Therefore, the prima facie case for retaliation under the Rehabilitation Act is the same as that under the ADA." *Id*. (citing *Holbrook v. City of Alpharetta, Georgia*, 112 F.3d 1522, 1526 n. 2 (11th Cir.1997) (stating that ADA discrimination law applies to the Rehabilitation Act)).

Accordingly, to the extent that Defendant's Motion to Dismiss seeks to dismiss Plaintiff's Rehabilitation Act claims against JCDHR, the Motion is due to be denied.

## V.    Conclusion

For all of the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 28) is **GRANTED IN PART AND DENIED IN PART**. It is **ORDERED** as follows:

14

1. The Motion is **GRANTED** with respect to Plaintiff's ADA claim in Count I. The claim in Count 1 against all defendants is **DISMISSED WITH PREJUDICE**.

2. The Motion is **GRANTED** with respect to Plaintiff's Rehabilitation Act claims against the Individual Defendants Nancy Buckner and Deanna Stinson in Counts II, III and IV. Counts II, III and IV against Buckner and Stinson are **DISMISSED WITH PREJUDICE**.

3. The Motion is **DENIED** with respect to Rehabilitation Act claims against in Counts II, III and IV against the Jefferson County Department of Human Resources. Plaintiff may proceed on these claims.

4. To the extent the State of Alabama was named as a separate defendant in any of Plaintiff's complaints, any claims against it are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to re-style the case with Jefferson County Department of Human Resources as the sole Defendant.

The Clerk of the Court is **FURTHER DIRECTED** to forward a copy of this Order to Plaintiff at the following addresses: 1809 Rivershase Blvd., Unit 36342, Hoover, AL 35236 (*See* Doc. # 32 at 7); and 2225 3rd Ave. N, Apt 207, Birmingham, AL 35203 (*See* Doc. 35).

**DONE** and **ORDERED** this April 27, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE